UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| THEODORE L. CLARK, JR., | : | |
| | : | Civil Action No. 14-4799 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| MS. SHERRY YATES, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

*Pro se* Petitioner Theodore L. Clark, Jr., a prisoner confined at the Adult Diagnostic and Treatment Center, Avenel, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254.  Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). As of March 3, 2014, a new form has been supplied by the Clerk of the Court. It appears that Petitioner placed his petition into the prison mail system on April 25, 2014 (Petition, p. 45). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO241 (modified).

Furthermore, Petitioner did not pay the $5.00 filing fee, or apply to proceed *in forma pauperis*.

THEREFORE, it is on this __5th__ day of __November__, **2014**;

ORDERED that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the

statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008 (Rev.01-2014); and it is further

ORDERED that the Clerk of the Court shall also forward Petitioner a blank form *in forma pauperis* application for use in a prisoner § 2254 habeas action; and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, AND either (1) the $5.00 filing fee, or (2) a complete, signed *in forma pauperis* application including a certification of his prison account statement (*see* Local Civil Rule 81.2); and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case; and a complete, signed petition on the correct form; and either the filing fee or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE, Chief Judge
                                           United States District Court